**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ORIX FINANCIAL SERVICES, INC.,formerly
known as ORIX CREDIT ALLIANCE, INC.,

    Plaintiff,

vs.                                        Case No. 3:06-mc-16-J-32MCR

DAVID SIMS, d/b/a A & K TIMBER

    Defendant,

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Dissolve Plaintiff's Writ of Garnishment (Doc. 7) filed January 28, 2008. Plaintiff did not file a response and the time for doing so has expired. Accordingly, this matter is ripe for review.

**I.    BACKGROUND**

On November 4, 2005, the United States District Court, Southern District of New York granted Plaintiff a default judgment against Defendant in the amount of $197,363.23. (Doc. 3, p. 5). On March 15, 2006, Plaintiff registered this judgment with this Court. (Doc. 1). On September 19, 2007, Plaintiff filed a Motion for Writ of Garnishment, requesting any debts owed by Garnishee Farelon and Son Logging, Inc. to Defendant be garnished. (Doc. 3). This Court granted the Motion for Writ of Garnishment on October 11, 2007. (Doc. 4). Garnishee Farelon and Son Logging, Inc. filed an Answer on January 9, 2007, stating that it will withhold $154.50 per week ($5.15

x 30) from the salary of Defendant and will not disburse such wages without further order of the Court.  (Doc. 6, p. 2).

Defendant now requests this Court to dissolve Plaintiff's Garnishment against Garnishee and to return all wages already garnished.  (Doc. 7).  Defendant asserts two bases for the relief it requests.  First, it argues Plaintiff failed to state a basis for invoking this Court's jurisdiction in its Motion for Writ of Garnishment.  Id. at 1.  Second, Defendant argues he has never agreed in writing to Plaintiff's wage garnishment and thus, he is exempt from wage garnishment under section 222.11 of the Florida Statutes. Id.

## II.  ANALYSIS

### A.  JURISDICTION

Rule 69 of the Federal Rules of Civil Procedure states that proceedings in aid of judgment or execution shall be governed by the procedure of the state where the court is located.  Fed. R. Civ. P. 69(a)(1).  A federal judgment may be registered in districts other than that of the state in which the judgment was entered.  28 U.S.C. §1963. When a federal judgment is registered in another district, the judgment may be enforced in that district with the law of that state as though originally rendered by that court. Federal Deposit Ins. Corp. v. British-American Corp., 726 F. Supp. 622, 630 (E.D. N.C. 1989); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3012 (2007).

Here, Plaintiff registered a judgment from the U.S. District Court, Southern District of New York against Defendant in the amount of $197,363.23 with this Court.

(Doc. 1). Thus, Plaintiff may enforce this judgment in this Court and this Court has jurisdiction over Plaintiff's Motion for Writ of Garnishment.

### B. FLORIDA STATUTES ON GARNISHMENT

As mentioned above, Fed. R. Civ. P. 69 mandates that Florida law applies to requests for garnishment brought before this Court. Chapter 77 of the Florida Statutes sets forth the general procedures for garnishment under Florida law. The Cadle Co. v. Pegasus Ranch, Inc., 920 So. 2d 1276, 1278 (Fla 4th DCA 2006). Specifically, Florida Statute §77.01 grants every person or entity who has recovered judgment in any court against any person or entity a right to writ of garnishment. Fla Stat. § 77.01. Florida Statute §77.03 sets forth the procedure for issuance of a writ after judgment has been entered. Section 77.03 merely requires Plaintiff to file a motion for writ of garnishment, stating the amount of judgment to be enforced. Fla. Stat. §77.03. There is no need for the motion to be verified or that it negate any of the exemptions applicable to writs of garnishment. Id; Brown v. Liberty Loan Corp. of Duval, 539 F.2d 1355, 1363-69 (5th Cir. 1976), cert. denied, 97 S.Ct. 1588, 430 U.S. 949 (1977).

When salary or wages are to be garnished to satisfy a judgment, the court must issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the debtor's wages until the judgment is satisfied or until otherwise provided by the court. Fla. Stat. §77.035. The federal Consumer Credit Protection Act mandates that the maximum earnings of an individual subject to garnishment for any workweek may not exceed (a) 25 percent of his disposable earnings for that week, or (b) the amount by which his disposable earnings

for that week exceed thirty times the Federal minimum hourly wage, whichever is less. 15 U.S.A. §1673.  Here, Garnishee withheld Defendant's wages in compliance with the federal Consumer Credit Protection Act.

There are, however, specific exemptions to garnishment.  Chapter 222 of the Florida Statutes exempts certain assets and sources of income from garnishment.  The Cadle Co., 920 So. 2d at 1278.  Plaintiff argues his wages are exempt from garnishment, under Florida Statute §222.11, because he is the "head of family" and he has not agreed in writing to garnish his wages.  Florida Statute §222.11 states that "[d]isposable earnings of a head of family, which are greater than $500 a week, may not be attached or garnished unless such person has agreed otherwise in writing."  Fla. Stat. §222.11.  Florida Statute §222.12, however, sets forth the proper procedure to assert the exemption.  Importantly, it requires the party claiming the exemption to file and serve a verified affidavit stating that the money attached is due for the personal labor and services of such person, and he is the head of a family residing in the state. Fla. Stat. §222.12; Hill v. Haywood, 735 So. 2d 539, 540 (Fla. 2d DCA 1999) (stating party claiming exemption must file sworn statement upon the garnishor alleging facts which establish a) money sought to be garnished is compensation for personal labor and b) garnishee is head of the family).  Once the garnishor has received notice of garnishee's claim for this exemption, it must file, within two days of receiving such notice, a contravening affidavit explaining why the exemption does not apply.  Id.

The parties in this case failed to follow the proper procedure under Florida law. Notably, Defendant simply filed a Motion to Dissolve Plaintiff's Writ of Garnishment

(Doc. 7), but failed to file a verified affidavit attesting to such facts.  Moreover, Plaintiff failed to respond entirely to Defendant's Motion, even after this Court granted it additional time to respond.[1]  Significantly, the procedural requirements of §222.12 of the Florida Statutes are a prerequisite to obtaining the "head of the family" exemption and thus, they need to be followed.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Dissolve Plaintiff's Writ of Garnishment (Doc. 7) is **DENIED without prejudice**.  Defendant may serve a sworn statement upon Plaintiff and this Court, averring the facts which entitle him to the "head of family" exemption.  Plaintiff will then have two days to file a contravening affidavit disputing the facts alleged by Defendant.  In the event Plaintiff fails to file such an affidavit, all proceedings under the writ must cease.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  6th  day of March, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[1] Thus, it is unclear to this Court whether Plaintiff opposes Defendant's claim for the head of family exemption. Because Defendant must file a sworn affidavit, the Court will also give Plaintiff a second opportunity to file an opposing affidavit as mentioned infra.